**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

JUAN ELIAS ESTRADA-ESPINOZA,
                    *Petitioner,*

v.

MICHAEL B. MUKASEY, Attorney
General,

                    *Respondent.*

No. 05-75850

Agency No.
A76-339-422

OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted
June 25, 2008—Pasadena, California

Filed October 20, 2008

Before: Alex Kozinski, Chief Judge, Harry Pregerson,
Stephen Reinhardt, Andrew J. Kleinfeld,
Michael Daly Hawkins, Sidney R. Thomas,
Barry G. Silverman, Ronald M. Gould, Richard A. Paez,
Richard C. Tallman, and Richard R. Clifton, Circuit Judges.

Opinion by Judge Thomas

14755

**COUNSEL**

Saad Ahmad, Saad Ahmad & Associates; Fremont, California, for the petitioner.

Gregory G. Katsas, Acting Assistant Attorney General; Thomas H. Dupree, Jr., Deputy Assistant Attorney General; Donald E. Keener, Deputy Director; Bryan S. Beier, Senior Litigation Counsel; Jennifer Levings, Trial Attorney; Washington, D.C., for the respondent.

Vikram K. Badrinath, Esquire, Vikram Badrinath, PC, Tucson, Arizona, amicus curiae for the American Immigration Lawyers Association.

Zachary Miller Nightingale and Avantika Shastri, Attorneys, Van Der Hout, Brigagliano & Nightingale, LLP, San Francisco, California, amicus curiae for the Immigration Legal Resource Center.

---

## OPINION

THOMAS, Circuit Judge:

In this appeal, we consider whether a conviction under any of four California statutory rape provisions—California Penal Code §§ 261.5(c), 286(b)(1), 288a(b)(1), or 289(h)—constitutes the aggravated felony "sexual abuse of a minor" within the meaning of 8 U.S.C. § 1101(a)(43). We conclude that each statute defines conduct that is categorically broader than the generic definition of "sexual abuse of a minor" and grant the petition for review.

I

Petitioner Juan Elias Estrada-Espinoza is a native and citizen of Mexico. He entered the United States in 1992, at the age of 12. He adjusted status to become a lawful permanent resident on June 25, 1998. After learning about Estrada-Espinoza's state statutory rape convictions stemming from his relationship with his younger girlfriend, the Department of Homeland Security ("DHS") placed Estrada-Espinoza in removal proceedings in 2005, charging him with being removable as an alien convicted of an aggravated felony.

Estrada-Espinoza met Sonia Arredondo in June 2001. He was 20 years old, and Arredondo was either 15 or 16 years old. Estrada-Espinoza claims that Arredondo and her friends told him she was 18 at the time of their meeting, and that he did not learn of her true age until December 2001. The two began living together in the home of Estrada-Espinoza's par-

ents a few months after they met. Both sets of parents approved of the relationship and Estrada-Espinoza regularly visited his girlfriend's parents. After six months of living with Estrada-Espinoza's parents, the couple moved to a residence of their own. During this time, Estrada-Espinoza worked in various grocery stores to support himself, his girlfriend, and, eventually, the child they raised together.

On July 13, 2004, the District Attorney filed statutory rape charges against Estrada-Espinoza, alleging fourteen counts of various sex offenses. Estrada-Espinoza was convicted on four counts, all of them relating to sexual activity with his girl-friend: unlawful sexual intercourse with a person under 18 and three years younger than defendant, not defendant's spouse, Cal. Penal Code § 261.5(c);[1] sodomy of a person under 18, § 286(b)(1); oral copulation of a person under 18, § 288a(b)(1); and sexual penetration by a foreign object of a person under 18, § 289(h). The court sentenced Estrada-Espinoza to 365 days in county jail, with credit for time served, on February 15, 2005. It is unclear from the record how he pled or whether there was a trial.

After DHS commenced proceedings, Estrada-Espinoza admitted the allegations but denied removability and moved to terminate the removal proceedings. On July 8, 2005, the Immigration Judge ("IJ") denied the motion to terminate the proceedings and found Estrada-Espinoza removable as an "aggravated felon" under 8 U.S.C. § 1227(a)(2)(A)(iii), § 237(a)(2)(A)(iii) of the Immigration and Nationality Act ("INA"), as that term is defined in 8 U.S.C. § 1101(a)(43)(A). That provision defines "aggravated felony" as "murder, rape, or sexual abuse of a minor." 8 U.S.C. § 1101(a)(43)(A). The IJ appeared to rest this decision on Estrada-Espinoza's conviction under California Penal Code § 261.5(c), the statutory rape law which criminalizes sexual intercourse with someone

---

[1]Hereinafter all state statutory citations are to the California Penal Code unless otherwise noted.

under 18 and three years younger than the defendant, who is not the defendant's spouse. The IJ relied at least in part on our withdrawn opinion in *Valencia v. Gonzales*, 406 F.3d 1154, 1158 (9th Cir. 2005), which found that § 261.5(c) was a crime of violence and hence an aggravated felony. The IJ recognized that Estrada-Espinoza was being removed for "sexual abuse of a minor," not a "crime of violence." The IJ did not have the benefit of the *Valencia* panel's amended opinion holding that § 261.5(c) is not a crime of violence under 8 U.S.C. § 1101(a)(43)(F). *See Valencia v. Gonzales*, 439 F.3d 1046, 1052-53 (9th Cir. 2006).

Estrada-Espinoza appealed the IJ's decision to the Board of Immigration Appeals ("BIA"), which dismissed the appeal on October 5, 2005. The BIA found no merit to Estrada-Espinoza's argument that because the sexual acts were consensual, "no violence was used and that there is no evidence of potential harm to the victim." Instead, the BIA relied heavily on its own published opinion *Rodriguez-Rodriguez*, 22 I. & N. Dec. 991, 996 (BIA 1999), in which the BIA adopted a "guide" to help identify offenses which constitute "sexual abuse of a minor." The BIA concluded that the state of California necessarily proved that Estrada-Espinoza engaged in conduct which constituted "sexual abuse of a minor" within the meaning of the guide adopted in *Rodriguez-Rodriguez*, in order to convict Estrada-Espinoza under the four California statutes. The BIA affirmed the IJ's finding that Estrada-Espinoza had been convicted of an aggravated felony, citing all four of the statutes of conviction. This timely petition for review followed.

A panel of our Court denied the petition for review, holding that our decision in *Afridi v. Gonzales*, 442 F.3d 1212 (9th Cir. 2006), dictated the result. *Estrada-Espinoza v. Gonzales,* 498 F.3d 933, 936 (9th Cir. 2007). Two members of the panel specially concurred, agreeing that *Afridi* controlled, but suggesting that *Afridi* be revisited en banc and overruled. *Id.* at 936-40 (Thomas and Leighton, concurring). Thereafter, upon

the vote of a majority of the nonrecused active judges, the case was ordered reheard en banc pursuant to Ninth Circuit Rule 35-3. *Estrada-Espinoza v. Mukasey,* 525 F.3d 821, 822 (9th Cir. 2008).

We review *de novo* the legal question of whether a conviction under the relevant California statutes constitutes "sexual abuse of a minor" within the meaning of 8 U.S.C. § 1101(a)(43)(A). *See Navarro-Lopez v. Gonzales*, 503 F.3d 1063, 1067-68 (9th Cir. 2007) (en banc).

**[1]** To determine whether a conviction under §§ 261.5(c), 286(b)(1), 288a(b)(1), or 289(h) constitutes "sexual abuse of a minor" within the meaning of 8 U.S.C. § 1101(a)(43)(A), we apply the familiar "categorical approach" set forth in *Taylor v. United States*, 495 U.S. 575, 602 (1990). "The categorical approach requires us to 'make a categorical comparison of the elements of the statute of conviction to the generic definition [of the crime], and decide whether the conduct proscribed by [the statute] is broader than, and so does not categorically fall within, this generic definition.' " *Navarro-Lopez*, 503 F.3d at 1067-68 (quoting *Huerta-Guevara v. Ashcroft*, 321 F.3d 883, 887 (9th Cir. 2003)). We do not examine the facts underlying the offense, but "look only to the fact of conviction and the statutory definition of the prior offense." *Taylor*, 495 U.S. at 602.

II

A

**[2]** We begin by determining the generic elements of the crime "sexual abuse of a minor." In the absence of specific congressional guidance as to the elements of a crime, courts have been left to determine the "generic sense in which the term is now used in the criminal codes of most States." *Id.* at 598. Fortunately, we are not faced with that circumstance here because Congress has enumerated the elements of the offense

of "sexual abuse of a minor" at 18 U.S.C. § 2243.**²** That section provides, in relevant part:

> § 2243. Sexual abuse of a minor or ward
>
> (a) Of a minor.—Whoever . . . knowingly engages in a sexual act with another person who—
>
>> (1) has attained the age of 12 years but has not attained the age of 16 years; and
>>
>> (2) is at least four years younger than the person so engaging;
>>
>> or attempts to do so, shall be fined under this title, imprisoned not more than 15 years, or both.

Thus, the generic offense of "sexual abuse of a minor" requires four elements: (1) a mens rea level of knowingly; (2) a sexual act; (3) with a minor between the ages of 12 and 16; and (4) an age difference of at least four years between the defendant and the minor.

**[3]** Although it is unnecessary to survey current criminal law to ascertain a federal definition because Congress has already supplied it, such a review shows that the congressional definition comports with "the ordinary, contemporary, and common meaning of the words" of the term. *United States v. Baron-Medina*, 187 F.3d 1144, 1146 (9th Cir. 1999) (internal

---

**²**Although Congress also defined "sexual abuse" in 18 U.S.C. § 3509(a)(8), this section does not define a crime, but merely addresses the rights of child victims and witnesses. Since 8 U.S.C. § 1101(a)(43)(A) defines a category of *crime* (aggravated felony), it is more plausible that Congress intended the "aggravated felony" of "sexual abuse of a minor" to incorporate the definition of "sexual abuse of a minor" in 18 U.S.C. § 2243, which is a criminal statute outlining the elements of the offense, rather than the definition of "sexual abuse" found in 18 U.S.C. § 3509.

quotation marks omitted). As it is our duty "to give effect, if possible, to every clause and word of a statute," *Duncan v. Walker*, 533 U.S. 167, 174 (2001) (internal quotation marks omitted), a conviction which constitutes "sexual *abuse* of a minor" must necessarily contain an element of abuse. We have previously construed the word "abuse" as " 'physical or nonphysical misuse or maltreatment" or " 'use or treat[ment] so as to injure, hurt, or damage.' " *United States v. Lopez-Solis*, 447 F.3d 1201, 1207 (9th Cir. 2006) (quoting *United States v. Padilla-Reyes*, 247 F.3d 1158, 1163 (11th Cir. 2001); *see also United States v. Pallares-Galan*, 359 F.3d 1088, 1100 (9th Cir. 2004)). A survey of relevant statutes makes clear that, under national contemporary standards, although sexual activity with a younger child is certainly abusive, sexual activity with an older adolescent is not necessarily abusive.

**[4]** The Model Penal Code, § 213.3(1)(a), defines statutory rape as "[a] male who has sexual intercourse with a female not his wife, or any person who engages in deviate sexual intercourse or causes another to engage in deviate sexual intercourse, . . . if: (a) the other person is less than [16] years old and the actor is at least [four] years older than the other person . . . ." Model Penal Code § 213.3(1)(a) (2001) (alteration in original). The majority of states set the age of sexual consent at age 16 and forty-five states permit marriage at age 16 if the parents consent. *See United States v. Thomas*, 159 F.3d 296, 299 (7th Cir. 1998). California is joined by only about six other states in criminalizing sexual intercourse between a 21-year-old and someone about to turn 18. *See* "Statutory Rape: A Guide to State Laws and Reporting Requirements," The Lewin Group, prepared for the Department of Health and Human Services, Dec. 15, 2004, at http://www.lewin.com/content/publications/3068.pdf; "Statutory Rape Laws by State," Connecticut Office of Legislative Research, April 14, 2003, at www.cga.ct.gov/2003/olrdata/jud/rpt/2003-R-0376.htm. Thirty-five states permit sexual intercourse between a 22-year-old and someone

who just turned 16, almost two years younger than California would permit. "Statutory Rape Laws by State"; "Statutory Rape: A Guide to State Laws." In addition, another seven states permit consensual sex between someone who just turned 21 and someone who is close to turning 17, which California would not allow. "Statutory Rape Laws by State"; "Statutory Rape: A Guide to State Laws." The fact that the vast majority of states do not forbid consensual sexual intercourse with a 17-year-old male or female indicates that such conduct is not necessarily abusive[3] under the ordinary, contemporary, and common meaning of "abuse."

[5] Our interpretations are in accord. Recently, in construing a Tennessee statutory rape statute similar to California's, we held that "[c]onsensual sexual penetration of an individual between the ages of 17 and 18 by a 22 year old does not necessarily involve physical 'misuse,' 'injur[y],' or 'assault' " because neither physical force nor resulting physical injury are necessarily implicated and because the Tennessee law covered consensual sexual relationships. *Lopez-Solis*, 447 F.3d at 1207 (alteration in original). We also held that psychological abuse was not necessarily a component of sexual penetration of a 17-year-old for two reasons. First, because the government failed to provide any evidence showing such harm and "[i]n the absence of evidence, we refuse to assume the existence of harm." *Id.* at 1208 (citing *Thomas*, 159 F.3d at 299). Second, because "our prior caselaw—as well as common sense—suggest that, while consensual underage sex may be psychologically harmful to a young teen, it may not be harmful to an older one." *Id*. We explained that "a teen's capacity to understand the nature of sexual relations increases

---

[3]California courts charged with interpreting California's statutory rape laws have recognized that "a minor over the age of 14 who voluntarily engages in sexual intercourse is not necessarily a victim of sexual abuse." *In re Kyle F.*, 112 Cal. App. 4th 538, 543 (Cal. Ct. App. 2003) (citing *County of San Luis Obispo v. Nathaniel J.*, 50 Cal. App. 4th 842, 845 (Cal. Ct. App. 1996)).

gradually as he or she grows older. Thus, an almost 18 year old typically will have a higher level of sophistication about sex . . . than a younger teen or child." *Id.* at 1209.

We and our sister circuits have been careful on other occasions to distinguish laws governing the sexual behavior of younger teenagers from those governing the behavior of 16- and 17-year-olds. *See*, *e.g.*, *United States v. Melton*, 344 F.3d 1021, 1028 (9th Cir. 2003) (recognizing the trend of treating older teenagers differently but distinguishing Alaska law because it applies to those under 18 only when incest or similar familial relationships are involved); *Pallares-Galan*, 359 F.3d at 1101; *Thomas*, 159 F.3d at 299; *United States v. Kirk*, 111 F.3d 390, 395 n.8 (5th Cir. 1997) ("Importantly, the circumstances surrounding sexual contact between [a 19-year-old and a 16-year-old] are far different from those surrounding sexual contact between a young child and a much older adult.").

We have extended that line of thought in the context of other generic offenses as well. In *Valencia*, 439 F.3d 1046, we held that § 261.5(c) is not categorically a "crime of violence" and thus is not an aggravated felony under 8 U.S.C. § 1101(a)(43)(F). As *Valencia* explained, a crime of violence is defined as any offense " 'that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.' " *Id.* at 1049 (quoting 18 U.S.C. § 16). We recognized that other circuits had held that "the non-consent of the victim is the touchstone for determining whether a conviction constitutes a crime of violence under § 16(b)" because "a touching without the victim's consent presents a substantial risk that force *may* be used." *Id.* at 1050 (internal quotation marks omitted). However, "[n]one of our sister circuits has considered whether consensual sexual intercourse with a minor between the ages of seventeen and eighteen"—the full range of conduct involved here—"is a crime of violence under § 16(b)." *Id.* As a result, because "California sets the

age of majority at eighteen, Cal. Penal Code § 261.5(a), this case requires us to break new ground." *Id.* Thus, we acknowledged a significant difference between sexual relations with someone under 16 and sexual relations with someone between the ages of 16 and 18.

Moreover, we found that "the assumption that a minor's legal incapacity implies that the proscribed sexual intercourse is non-consensual . . . may be valid where the minor is a younger child [but] does not hold true where the victim is an older adolescent, who is able to engage in sexual intercourse voluntarily, despite being legally incapable of consent." *Id.* at 1051. We then examined a number of California cases clarifying that § 261.5(c) criminalizes completely voluntary conduct by two consenting parties. *Id.* at 1051-52. After taking all of this into consideration, we held that because § 261.5(c) "includes consensual sexual intercourse between a twenty-one-year-old and a minor one day shy of eighteen," and because "a minor of this age is 'fully capable of freely and voluntarily consenting' " there is no substantial risk that physical force will be used in committing the offense. *Id.* at 1052-53. *See also Thomas*, 159 F.3d at 299-300 (holding that statutory rape between a 22-year-old male and a 17-year-old female is not a "violent felony").

Judge Posner, writing for the Seventh Circuit, has found that although "a 13 year old is unlikely to appreciate fully or be able to cope effectively with the disease risks and fertility risks of intercourse and [is likely to have] a high risk pregnancy . . . ," the government was unable to provide "any studies or reasons that would support a conclusion that sex between a 16 year old girl (perhaps, we said, a day short of 17) and a 22 year old man poses a potential risk of physical injury to the girl." *Thomas*, 159 F.3d at 299. *See also Lopez-Solis*, 447 F.3d at 1208 (refusing to assume psychological harm where the government failed to provide any evidence of it). The Seventh Circuit acknowledged that "there is evidence that a 16 year old girl is at greater risk of physical injury, in

the event that she becomes pregnant, than if she were older . . . ," as well as at greater risk of disease, but concluded that "the risk of sex to 13 year old girls is much greater than the risk to 16 year olds." *Thomas*, 159 F.3d at 299, 300. The Seventh Circuit based its reasoning in part on the fact that 45 states permit marriage at age 16 and that "[m]ore than 40 percent of the 16 year old girls in our society have had sexual intercourse." *Id.* at 299. The same arguments apply with greater force to the California statutory rape laws, which criminalize sex acts with a male or female of age 17 as well. In other words, while pregnancy and disease pose serious risks of physical injury to people 15 and under, they do not necessarily pose that same risk to the far more sophisticated group of 17-year-old young women and men.

**[6]** In sum, Congress has defined the crime of "sexual abuse of a minor," and its definition is in accord with the contemporary meaning attached to the crime by a majority of the states.

B

In opposing a generic federal definition based on the plain words adopted by Congress, the government argues that when Congress amended 8 U.S.C. § 1101(a)(43)(A) to include "sexual abuse of a minor," *see* Illegal Immigration Reform and Immigrant Responsibility Act of 1996, § 321(a)(1), Division C of Pub. L. No. 104-208, 110 Stat. 3009-546, 3009-627, it did not intend to refer to the federal criminal offense of "sexual abuse of a minor."

In support of its argument, the government notes that while Congress has cross-referenced provisions of the federal code to define other aggravated felonies, it did not cross-reference any such provision when it added "sexual abuse of a minor." The fallacy of this argument is apparent upon a comprehensive examination of the list of aggravated felonies. Section 1101(a)(43) includes 21 subsections, some of which cross-

reference other statutory provisions, and some of which do not. Significantly, there is a clear distinguishing characteristic between the aggravated felonies that are linked to other statutory provisions and those that are not. Those that refer to a broad category of offenses, using a potentially ambiguous phrase, reference other statutory provisions for clarification. On the other hand, those that refer to a specific crime which is already clearly defined in criminal law have no need for a cross-reference. *Compare, e.g.*, 8 U.S.C. § 1101(a)(43)(B) ("illicit trafficking in a controlled substance," cross-referencing 18 U.S.C. § 921) *and* 8 U.S.C. § 1101(a)(43)(F) ("a crime of violence," cross-referencing 18 U.S.C. § 16) *with* 8 U.S.C. § 1101(a)(43)(A) ("murder, rape," no cross-reference) *and* 8 U.S.C. § 1101(43)(G) ("a theft offense . . . or burglary offense," no cross-reference).

"Sexual abuse of a minor" falls into the latter category, because it refers to a specific crime. As we have discussed, "sexual abuse of a minor" is a federal criminal offense. *See* 18 U.S.C. § 2243. It is also a common title for offenses under state criminal codes.[4] In all cases, the offenses define what

---

[4]*See* Alaska Stat. § 11.41.434 ("Sexual abuse of a minor"); Ariz. Rev. Stat. Ann. § 13-1417 ("Continuous sexual abuse of a child"); Cal. Penal Code § 288.5 ("Continuous sexual abuse of a child"); Del. Code Ann. tit. 11 § 778 ("Continuous sexual abuse of a child"); D.C. Code § 22-3009.01 ("sexual abuse of a minor"); Idaho Code Ann. § 18-1506 ("Sexual abuse of a child"); 720 Ill. Comp. Stat. 150/5.1 ("Permitting sexual abuse of a child"); Me. Rev. Stat. Ann. tit. 17-A, § 254 ("Sexual abuse of minors"); Md. Code Ann., Criminal Law, § 3-602 ("Sexual abuse of a minor"); Mass. Gen. Laws ch. 265, § 13L ("creating a risk of . . . sexual abuse to a child"); Mont. Code Ann. § 45-5-625 ("Sexual abuse of children"); N.D. Cent. Code § 12.1-20-03.1 ("Continuous sexual abuse of a child"); Okla. Stat. tit. 21 § 51.1a ("sexual abuse of a child"); 18 PA. Stat. Ann. § 6312 ("Sexual abuse of children"); S.D. Codified Laws § 26-10-30 ("Permitting . . . sexual abuse of a child"); Tex. Penal Code Ann. § 21.02 ("Continuous Sexual Abuse of a Young Child or Children"); Utah Code Ann. § 76-5-401.1 ("Sexual abuse of a minor"); Va. Code Ann. § 18.2-67.4:2 ("Sexual abuse of a child"); Wash. Rev. Code § 9.68A.100 ("Commercial sexual abuse of a minor"); Wyo. Stat. Ann. § 6-2-314 ("Sexual abuse of a minor"); V.I. Code Ann. tit. 14, § 486 ("Knowledge of sexual abuse of a minor").

would, in more common parlance, be referred to as statutory rape. Thus, like murder, rape, theft, and burglary—among others—"sexual abuse of a minor" needs no cross-reference, as the term already denotes a clearly defined criminal offense. If Congress had intended the aggravated felony "sexual abuse of a minor" to be defined differently than the criminal offense "sexual abuse of a minor," it could have provided a definition, cross-referenced a different federal code provision, or even specified that the definition was not limited to the criminal definition. As we often observed, "Congress knows how to define terms when it wants to give them specific definitions at odds with everyday understanding." *United States v. Young*, 458 F.3d 998, 1007 (9th Cir. 2006). Because Congress did not elect any of these options, the logical inference is that Congress intended "sexual abuse of a minor" to carry its standard criminal definition, on par with "murder" or "rape."

In short, the government's argument is not supported by the statutory text, and we must reject it.

C

The government also urges us to reject the congressional definition of "sexual abuse of a minor" on the basis of *Chevron* deference. *See Chevron U.S.A. Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 843-44 (1984). Of course, we recognize that when interpreting a provision of the INA, we accord *Chevron* deference to interpretations in published BIA decisions within the BIA's area of expertise. *Garcia-Quintero v. Gonzales*, 455 F.3d 1006, 1014 (9th Cir. 2006); *Kaganovich v. Gonzales*, 470 F.3d 894, 897 (9th Cir. 2006). However, *Chevron* deference does not apply to the instant case.

The government first urges that we accord *Chevron* deference to the one-judge, non-precedential, unpublished BIA order in this case. However, *Chevron* deference does not apply to unpublished, non-precedential BIA decisions.

*Garcia-Quintero*, 455 F.3d at 1014. As we noted in *Garcia-Quintero*, 455 F.3d at 1013, under the relevant regulations, only "selected decisions of the Board rendered by a three-member panel or by the Board en banc may be designated to serve as precedents." 8 C.F.R. § 1003.1(g). A single-judge, unpublished, non-precedential BIA decision does not satisfy the standards established for *Chevron* deference by the Supreme Court in *United States v. Mead Corp.*, 533 U.S. 218, 226-27 (2001). *Garcia-Quintero*, 455 F.3d at 1012-13.[5] Therefore, we must reject the government's suggestion.[6]

The government next argues that we should accord *Chevron* deference to the BIA's decision in *Rodriguez-Rodriguez*, in which the BIA described a "guide" to help identify offenses which constitute "sexual abuse of a minor." However, *Chevron* deference does not apply in these circumstances because *Rodriguez-Rodriguez* did not interpret a statute within the meaning of *Chevron*, but only provided a "guide" for later interpretation.[7]

---

[5]Our sister circuits are in accord. *See Cruz v. Attorney Gen. of U.S.*, 452 F.3d 240, 250 (3d Cir. 2006) (recognizing that unpublished BIA decisions are not designated as precedential); *Ajdin v. Bureau of Citizenship & Immigration Servs.*, 437 F.3d 261, 264-65 (2d Cir. 2006) (per curiam) ("[U]npublished opinions of the BIA have no precedential value."); *Ang v. Gonzales*, 430 F.3d 50, 58 (1st Cir. 2005) ("[A]n unpublished opinion [issued by the Attorney General] . . . has no precedential force."); *Leal-Rodriguez v. INS*, 990 F.2d 939, 946 (7th Cir. 1993) ("We will not bind the BIA with a single non-precedential, unpublished decision any more than we ourselves are bound by our own unpublished orders.").

[6]We further note that the BIA decision in this case did not comport with the "guide" suggested by the BIA in *Rodriguez-Rodriguez* because it discarded the requirement of "abuse." *See supra* Part II.A.

[7]Even if we were to apply the familiar *Chevron* analysis, we would necessarily conclude, at step one, that the *Rodriguez-Rodriguez* guide does not warrant *Chevron* deference. Under the *Chevron* framework, courts employ a two-step test in reviewing administrative agency interpretations. The first step is to determine congressional intent. If congressional intent is clear, both the court and the agency must "give effect to the unambiguously expressed intent of Congress." *Chevron*, 467 U.S. at 843. Only if Congress has not spoken clearly would we proceed to step two. When Congress has spoken directly to the issue, as it has here, our inquiry is over and *Chevron* deference does not apply. *Id.* at 842.

According *Chevron* deference to *Rodriguez-Rodriguez* would be inappropriate because the BIA did not construe the statute and provide a uniform definition in the decision. Rather, it developed an advisory guideline for future case-by-case interpretation. The Supreme Court has instructed that "[i]nterpretations such as those in opinion letters—like interpretations contained in policy statements, agency manuals, and enforcement guidelines, all of which lack the force of law —do not warrant *Chevron*-style deference." *Christensen v. Harris County*, 529 U.S. 576, 587 (2000). Although *Rodriguez-Rodriguez* has the force of decisional law, its "guide" for ascertaining the meaning of "sexual abuse of a minor" suffers from the same imprecision that internal agency guidelines possess. As the Seventh Circuit has noted, when the BIA "hasn't done anything to particularize the meaning" of a term, "giving *Chevron* deference to its determination of that meaning has no practical significance." *Mei v. Ashcroft*, 393 F.3d 737, 739 (7th Cir. 2004).

This wisdom is particularly apt when courts are engaged in a *Taylor* analysis of a prior conviction. The underlying theory of *Taylor* is that a national definition of the elements of a crime is required so as to permit uniform application of federal law in determining the federal effect of prior convictions. *Taylor*, 495 U.S. at 590. A *Taylor* analysis requires a comparison between the prior conviction and the nationally-established generic elements of the offense at issue. Without defined elements, a comparison of the state statute with the federally-defined generic offense is not possible.[8] In apparent recognition of the problem of deferring to a guideline that contemplates case-by-case variance, the government suggests

---

[8]This problem is aptly illustrated by the tension between *Lopez-Solis*, 447 F.3d 1201, and *Afridi*, 442 F.3d 1212. In *Afridi* we held that California Penal Code § 261.5(c) constitutes "sexual abuse in a minor," whereas in *Lopez-Solis* we held that a virtually identical Tennessee statute does not. The Supreme Court in *Taylor* strove to prevent precisely such inconsistencies. 495 U.S. at 590.

that the *Rodriguez-Rodriguez* guide was meant to embrace all the varying state statutes that could conceivably encompass the concept of "sexual abuse of a minor." However, it was just this approach that the Supreme Court rejected in *Taylor. See* 495 U.S. at 590 ("It seems to us to be implausible that Congress intended the meaning of "burglary" for purposes of § 924(e) to depend on the definition adopted by the State of conviction.").**⁹** The *Rodriguez-Rodriguez* guide is simply not the type of agency action to which *Chevron* deference would apply.**¹⁰**

## D

In sum, we conclude that when Congress added "sexual abuse of a minor," to the list of aggravated felonies in the INA it meant "sexual abuse of a minor" as defined in the federal criminal code. The elements of the generic offense are thus: (1) a mens rea level of knowingly; (2) a sexual act; (3) with a minor between the ages of 12 and 16; and (4) an age difference of at least four years between the defendant and the minor.

---

**⁹***See also Dickerson v. New Banner Inst., Inc.*, 460 U.S. 103, 119-20 (1983) (absent plain indication to the contrary, federal laws are not to be construed so that their application is dependent on state law, "because the application of federal legislation is nationwide and at times the federal program would be impaired if state law were to control"); *United States v. Turley*, 352 U.S. 407, 411 (1957) ("[I]n the absence of a plain indication of an intent to incorporate diverse state laws into a federal criminal statute, the meaning of the federal statute should not be dependent on state law").

**¹⁰**Because we conclude that *Chevron* deference does not apply to a mere guideline, we need not reach Estrada-Espinoza's argument that we ought not defer to the BIA's interpretation of a criminal offense, such as "sexual abuse of a minor." *See, e.g.*, *Garcia-Lopez v. Ashcroft*, 334 F.3d 840, 843 (9th Cir. 2003) (according no deference where the statute in question "is not a statute which the BIA administers or has any particular expertise in interpreting, no deference is accorded to the BIA's interpretation.").

III

Once we have determined the elements of the generic offense, the next step in the *Taylor* analysis is to compare those elements to the relevant state statute. *Navarro-Lopez*, 503 F.3d at 1070. The four California statutes of conviction provide, in relevant part:

> Any person who engages in an act of unlawful sexual intercourse with a minor[11] who is more than three years younger than the perpetrator is guilty of either a misdemeanor or a felony, and shall be punished by imprisonment in a county jail not exceeding one year, or by imprisonment in the state prison.

§ 261.5(c);

> Except as provided in Section 288, any person who participates in an act of sodomy with another person who is *under 18 years of age* shall be punished by imprisonment in the state prison, or in a county jail for not more than one year.

§ 286(b)(1) (emphasis added);

> Except as provided in Section 288, any person who participates in an act of oral copulation with another person who is *under 18 years of age* shall be punished by imprisonment in the state prison, or in a county jail for a period of not more than one year.

§ 288a(b)(1) (emphasis added);

> Except as provided in Section 288, any person who participates in an act of sexual penetration with

---

[11]"Minor" is defined, for the purposes of subsection (c), as a person *under the age of 18. See* § 261.5(a).

> another person who is *under 18 years of age* shall be punished by imprisonment in the state prison or in the county jail for a period of not more than one year.

§ 289(h) (emphasis added).

**[7]** Three of these four statutes are missing the fourth element of the generic statute: an age difference of at least four years between the defendant and the minor. Only § 261.5(c) requires a minimum age difference. However, because § 261.5(c) requires a difference of only three years and one day, the statute is broader than the generic offense. Additionally, because each statute applies to persons under 18 years of age, all four statutes are broader than the generic offense with respect to the third element—the age of the minor.[12] Thus, the conduct proscribed by each of the four statutes is broader than the generic offense, and so none of the four statutes fall, categorically, within the generic definition.[13] *See Navarro-Lopez*, 503 F.3d at 1068.

## IV

**[8]** Given that the offenses of conviction do not categorically qualify as "sexual abuse of a minor," we next consider whether the offenses may qualify under *Taylor's* modified categorical approach. As we held in *Navarro-Lopez*, the mod-

---

[12]We note that all four statutes list separate offenses for sexual acts with minors under the age of 16 by defendants over the age of 21. *See* Cal. Penal Code §§ 261.5(d); 286(b)(2); 288a(b)(2); 289(i). The criminal complaint against Estrada-Espinoza charged him only with the subsections which prohibit sexual conduct with a minor under age 18 and did not charge him with any of the subsections which prohibit conduct with a minor under the age of 16 by a defendant over the age of 21.

[13]The mens rea requirement for each of these offenses is not apparent from the text of the statutes. Because we find each statute to be broader than the generic statute with respect to other elements, we need not consider whether the mens rea element is also broader.

ified categorical approach does not apply "[w]hen the crime of conviction is missing an element of the generic crime altogether, [because under such circumstances] we can never find that 'a jury was actually required to find all the elements of' the generic crime." *Id.* at 1073 (quoting *Li v. Ashcroft*, 389 F.3d 892, 899-901 (9th Cir. 2004) (Kozinski, J., concurring)).

**[9]** As we have discussed, three of the four California statutes are missing the element of the generic crime which requires a four-year age difference between the defendant and the minor. Because a jury could not have been actually required to find this element to convict Estrada-Espinoza under §§ 286(b)(1), 288a(b)(1), or 289(h), we cannot apply the modified categorical approach to conform Estrada-Espinoza's conviction under those three statutes to the generic definition of "sexual abuse of a minor."

**[10]** Section 261.5(c), however, is not missing an entire element of the generic offense. We thus must more carefully consider whether the modified categorical approach applies to § 261.5(c). We have previously explained that the modified categorical approach is appropriate when the statute of conviction is divisible into several crimes, some of which fall under the relevant category, and some of which do not. *See Carty v. Ashcroft*, 395 F.3d. 1081, 1084 (9th Cir. 2005). In this case, although § 261.5 as a whole is divisible into separate crimes,[14] subsection (c) defines only one singular crime: "unlawful sexual intercourse with a minor [under the age of 18] who is more than three years younger than the perpetrator," § 261.5(c). The government does not allege that Estrada-Espinoza was charged with, or convicted under, any subsection of § 261.5 other than subsection (c). Two documents are available on the record to confirm the charges: the criminal complaint and the judgment of conviction. Both documents cite only § 261.5(c). Because § 261.5(c) applies to minors under the age of 18 and defendants who are only three years

---

[14]*See supra* note 7.

and one day older, it is not possible that "a jury was actually required to find all the elements of" the generic offense, *Taylor*, 495 U.S. at 602. As such, the modified categorical approach cannot be used to conform Estrada-Espinoza's conviction to the generic definition of "sexual abuse of a minor."

V

In sum, we conclude that convictions under §§ 261.5(c), 286(b)(1), 288a(b)(1), or 289(h) do not categorically constitute "sexual abuse of a minor." [15] This conclusion becomes even more apparent when we reconsider the facts of this case. There is no suggestion of abuse in any form. The couple had a relationship, approved by both parents, and lived together in the home of the petitioner's parents. They had a child together, ultimately moved into a separate residence, and Estrada-Espinoza worked to support this family. If they had solemnized their relationship by marriage, no prosecution would have been possible under § 261.5(c).

[11] The BIA erred in finding that Estrada-Espinoza's convictions under California Penal Code §§ 261.5(c), 286(b)(1), 288a(b)(1), and 289(h) constituted the aggravated felony "sexual abuse of a minor" within the meaning of 8 U.S.C. § 1101(a)(43). We grant the petition for review.

**PETITION GRANTED.**

---

[15]In so holding we necessarily overrule *Afridi v. Gonzales*, 442 F.3d 1212 (9th Cir. 2006), which held that California Penal Code § 261.5(c) categorically constitutes "sexual abuse of a minor."