**Joel CEJOUR, Petitioner,**

v.

**Michael B. MUKASEY, Attorney
General, Respondent.**

No. 07–71485.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 22, 2008.

Filed Nov. 3, 2008.

Robert Pauw, Devin T. Theriot–Orr, Lori Kathleen Walls, Gibbs Houston Pauw, Seattle, WA, for Petitioner.

Joshua E. Braunstein, Esquire, Lance Lomond Jolley, Esquire, Trial, Office of Immigration Litigation U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of The District Counsel, Department of Homeland Security, San Francisco, CA, Immigration and Naturalization Service Office of the District Counsel, Seattle, WA, for Respondent.

Before: SILVERMAN, McKEOWN, and BERZON, Circuit Judges.

MEMORANDUM *

Joel Cejour petitions for review of the Board of Immigration Appeals' decisions reversing the Immigration Judge's grants of withholding of removal and deferral of removal under the Convention Against Torture ("CAT"). We grant the petition for review and remand.

We have jurisdiction under 8 U.S.C. § 1252 because Cejour filed his petition for review within thirty days of the Board's decision rejecting his appeal from the IJ's

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

order of removal. *See* 8 U.S.C. § 1252(b); 8 C.F.R. § 1003.3. Although 8 U.S.C. § 1252(a)(2)(C) generally bars judicial review of a final order of removal entered against an alien who is removable by reason of having committed an aggravated felony, we review Cejour's challenges to the Board's determination that he had committed a particularly serious crime because he raises "constitutional claims or questions of law." 8 U.S.C. § 1252(a)(2)(D). *See Afridi v. Gonzales,* 442 F.3d 1212, 1218 (9th Cir.2006), *overruled on other grounds by Estrada–Espinoza v. Mukasey,* 546 F.3d 1147 (9th Cir. 2008); *Morales v. Gonzales,* 478 F.3d 972, 980 (9th Cir.2007).

■ We review de novo the legal question of whether the BIA applied the correct standard to the IJ's factual findings. *Morales,* 478 F.3d at 983. The Board found that "the record belie[d]" Cejour's testimony, but it never found that the IJ was "clearly erroneous" in believing him. 8 C.F.R. § 1003.1(d)(3). The Board was required to find that the IJ's credibility determination was "clearly erroneous" in order to overturn the IJ's factual findings as it did here; the Board's finding that contradictory evidence existed in the record is simply not equivalent to this standard. We therefore grant the petition for review and remand to the Board to consider whether petitioner is eligible for withholding of removal, in light of the IJ's credibility determination.

■ We review for substantial evidence the factual findings underlying the BIA's determination that Cejour was not eligible for CAT relief. *Ornelas–Chavez v. Gonzales,* 458 F.3d 1052, 1055–56 (9th Cir. 2006). We also grant the petition for review on this ground and remand. Cejour

presented credible, uncontroverted evidence that Haitian government officials participated in and encouraged the street gangs that targeted detainees for kidnaping and murder after their release from prison. The BIA failed to address this undisputed evidence of governmental acquiescence. *See Bromfield v. Mukasey,* 543 F.3d 1071 (9th Cir.2008). Thus, we grant the petition for review and remand for the Board to consider whether Cejour is eligible for withholding or deferral of removal in light of the record evidence.

PETITION FOR REVIEW GRANTED; REMANDED.