TOUA XIONG, Petitioner,

v.

Michael B. MUKASEY, Attorney General, Respondent.

No. 06–74048.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 6, 2008.

Deferred March 7, 2008.

Resubmitted Nov. 12, 2008.

Filed Nov. 14, 2008.

**512**

John M. Pope, Pope & Associates, PC, Phoenix, AZ, for Petitioner.

District Director, Office of the District Chief Counsel, U.S. Department of Homeland Security, Phoenix, AZ, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Jeffery R. Leist, Nicole N. Murley, OIL, Emily Anne Radford, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, for Respondent.

Before: HAWKINS, THOMAS and CLIFTON, Circuit Judges.

## MEMORANDUM *

Toua Xiong petitions for review of the Board of Immigration Appeals' (BIA's) affirmance of an Immigration Judge's (IJ's) decision finding Xiong removable for having committed an aggravated felony. We hold that Xiong's conviction under California Penal Code §§ 261.5(c) and 664 was not a conviction for the aggravated felony of sexual abuse of a minor, and we grant the petition for review.[1]

When the BIA conducts an independent review of the IJ's findings, we review the BIA's decision, and not that of the IJ. See Hernandez–Guadarrama v. Ashcroft, 394 F.3d 674, 679 (9th Cir.2005). The BIA's determination of purely legal questions is reviewed de novo. See De Martinez v. Ashcroft, 374 F.3d 759, 761 (9th Cir.2004). Whether a criminal offense constitutes an aggravated felony is a legal question that we review de novo. Martinez–Perez v. Ashcroft, 417 F.3d 1022, 1025 (9th Cir. 2005).

Pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii), "any alien who is convicted of an aggravated felony at any time after admission" is removable. 8 U.S.C. § 1101(a)(43)(A) defines aggravated felony to include "sexual abuse of a minor." 8 U.S.C. § 1101(a)(43)(U) defines aggravated felony to include "an attempt or conspiracy to commit an offense described" elsewhere in § 1101(a)(43). To determine whether a particular conviction constitutes "sexual abuse of a minor" within the meaning of § 1101(a)(43)(A), we apply the Taylor categorical analysis. Estrada–Espinoza v. Mukasey, 546 F.3d 1147, 1151–52 (9th Cir. 2008) (en banc); see also Taylor v. United States, 495 U.S. 575, 602, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990).

We have recently determined that a conviction under California Penal Code § 261.5(c) is not categorically a conviction for sexual abuse of a minor. Estrada–Espinoza v. Mukasey, 546 F.3d at 1159–60. Therefore, a conviction for attempted unlawful sexual intercourse with a minor under California Penal Code § 261.5(c) and 664 cannot constitute a conviction for attempted sexual abuse of a minor under 8 U.S.C. § 1101(a)(43)(A) and (U). We grant Xiong's petition for review.

**PETITION GRANTED.**

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Xiong also challenges the BIA's affirmance of the IJ's denial of his application for asylum and withholding of removal. Because we hold that Xiong is not removable, we need not address these issues.