NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 08 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



DIONICIO CADIZ TANGONAN,

Petitioner,

v.

ERIC H. HOLDER, Attorney General,

Respondent.

No. 07-71588

Agency No. A043-211-911

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted and Deferred November 3, 2009
Resubmitted September 8, 2010
Honolulu, Hawaii

Before: REINHARDT, THOMAS, and GOULD, Circuit Judges.

Dionicio Cadiz Tangonan petitions for review of a decision of the Board of

Immigration Appeals ("BIA") affirming an immigration judge ("IJ") decision that

Tangonan was removable from the United States as an aggravated felon. We grant

the petition for review.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

The government has the burden to prove "by clear and convincing evidence" that an alien is removable. 8 U.S.C. § 1229a(c)(3)(A). Tangonan was held removable for being convicted of an aggravated felony involving the "sexual abuse of a minor" within the meaning of 8 U.S.C. § 1101(a)(43)(A). He had been convicted of violating H.R.S. § 707-732(1)(b). At the time of Tangonan's conviction, that included offense consisted of five subsections, only one of which involved sexual relations with a minor. The jury's verdict form does not specify which subsection constituted the basis for Tangonan's conviction. Thus, the conviction does not categorically qualify as a predicate offense under 8 U.S.C. § 1101(a)(43)(A) because the state statute is broader than the generic elements of the offense of sexual abuse of a minor. *Estrada-Espinoza v. Mukasey*, 546 F.3d 1147, 1152-1155 (9th Cir. 2008) (en banc).

The question then, under a modified categorical analysis, is whether the government proved by clear and convincing evidence that the petitioner had been convicted of a crime constituting "sexual abuse of a minor." *Id.* at 1159-60. In conducting such an inquiry, we consider the judicially noticeable documents of record. 8 U.S.C. § 1229a(c)(3)(B). In this case, the critical document is the jury verdict, which indicates that Tangonan was convicted only of the generic offense. There are other documents upon which the government relies, such as the

2

judgment entered by the court, the mittimus, and the opinion of the Hawaii Supreme Court on appeal. However, the references to the crime in these documents are not founded on the actual jury verdict. There is no document that purports to interpret the jury verdict or to consider analytically whether the petitioner was convicted under the necessary subsection. Thus, the judicially noticeable documents do not sustain the government's burden to show by clear and convincing evidence that the petitioner had been convicted of the predicate offense.

The government also contends that reference to the original three-count indictment should suffice. However, the government withdrew one count and the petitioner was acquitted of all other charges specified in the indictment. The conviction was for a lesser-included offense not charged in the indictment. Therefore the indictment is of no value in determining the judicially noticeable facts. *See Ruiz-Vidal v. Gonzales*, 473 F.3d 1072, 1079 (9th Cir. 2007) (holding that charging document could not be used in a modified categorical analysis when the alien pleaded to a different offense than contained in the charging document).

The government also attempts to rely on statements made by the petitioner during the immigration hearing. However, an IJ cannot rely on new statements

made in the administrative record when using the modified categorical approach. *Cisneros-Perez v. Gonzales*, 465 F.3d 386, 393 (9th Cir. 2006).

Because the government did not prove by clear and convincing evidence that the petitioner's generic conviction under H.R.S. § 707-732(1)(b) qualifies as a predicate offense under 8 U.S.C. § 1101(a)(43)(A), we must grant the petition for review.

**PETITION GRANTED.**