NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

<table>
<tr><td>FERNANDO C. SOSA,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent.</td><td>No. 04-71994<br><br>Agency No. A070-663-257<br><br>MEMORANDUM*</td></tr>
</table>

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted August 10, 2007
Pasadena, California

Before: BERZON and IKUTA, Circuit Judges, and SINGLETON, Senior District
Judge.**

Fernando Sosa, a citizen of Ecuador, petitions this court for review of a

decision of the Board of Immigration Appeals (BIA) dismissing his appeal from an

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The Honorable James K. Singleton, Senior District Judge for the U.S.
District Court for Alaska, sitting by designation.

Immigration Judge's (IJ) denial of asylum, withholding of removal, and relief under the Convention Against Torture (CAT). We deny the petition.

1. On June 18, 1999, Sosa pleaded "no contest" to a violation of California Penal Code § 273.5(a),"willfully inflict[ing]" on his spouse "corporal injury resulting in a traumatic condition." The BIA affirmed the IJ's finding that Sosa had thus been convicted of a "particularly serious crime" and is therefore ineligible for asylum under 8 U.S.C. § 1158(b)(2)(A)(ii) and for withholding of removal under 8 U.S.C. § 1231 (b)(3)(B)(ii).

The IJ applied the correct legal standard in evaluating Sosa's conviction. Whether a crime is "particularly serious" is a case-specific determination, "the proper focus" of which "is on the nature of the crime." *In re N-A-M-*, 24 I. & N. Dec. 336, 342 (BIA 2007); *see also Anaya-Ortiz v. Holder*, 594 F.3d 673, 679 (9th Cir. 2010) (quoting *In re Frentescu*, 18 I. & N. Dec. 244, 247 (BIA 1982)). "[O]nce the elements of the offense are examined and found to potentially bring the offense within the ambit of a particularly serious crime, all reliable information may be considered in making a particularly serious crime determination." *Anaya-Ortiz*, 594 F.3d at 677 (quoting *N-A-M-*, 24 I. & N. Dec. at 342).

The IJ's citation of the preliminary hearing transcript and his characterization of the events underlying Sosa's conviction make clear that he

performed the individualized inquiry into the circumstances of Sosa's conviction required under our caselaw. *See Afridi v. Gonzales*, 442 F.3d 1212, 1219-20 (2006), *overruled on other grounds by Estrada-Espinoza v. Mukasey*, 546 F.3d 1147, 1160 n.15 (9th Cir. 2008) (en banc). That Sosa's sentence was minimal is not dispositive, for "the sentence imposed is not a dominant factor in determining whether a conviction is for a particularly serious crime." *N-A-M-,* 24 I. & N. Dec. at 343 (citing *In re Y-L-, A-G-, & R-S-R-*, 23 I. & N. Dec. 270, 273-74, 277-78 (A.G. 2002)); *see also Afridi*, 442 F.3d at 1220-21. The IJ properly relied upon the nature of Sosa's conviction and the underlying circumstances in which Sosa's crime was committed to find that it was "particularly serious."

This determination is supported by substantial evidence. *See Andriasian v. INS*, 180 F.3d 1033, 1040 (9th Cir. 1999). Although she later recanted, Sosa's wife reported to a police officer that Sosa had raped her, and a medical examination showed evidence of physical injury. The IJ found that the evidence in the record demonstrated that Sosa "actually committed marital rape," which the IJ characterized as "a horrendous crime" that he had "no doubt . . . is . . . particularly serious." The evidence does not "compel[] a contrary conclusion." *See id.* at 1040 (quoting *Meza-Manay v. INS*, 139 F.3d 759, 762 (9th Cir.1998)) (internal quotation marks omitted).

3

**2.**     To obtain deferral of removal under CAT, Sosa "was required to prove that" it is "more likely than not" that, if removed to Ecuador, he would "be tortured at the instigation of, or with the acquiescence of the" Ecuadoran government. *See Delgado v. Holder*, 648 F.3d 1095, 1108 (9th Cir. 2011) (en banc) (quoting *Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008)) (internal quotation marks omitted). The BIA's determination that Sosa did not meet this burden is supported by substantial evidence. Although Sosa demonstrated that he had been persecuted in the past, there is no evidence in the record that those who tortured him over twenty years ago would do so again, or that if they did so, such torture would be instigated or acquiesced in by the Ecuadoran government. The record "does not compel the conclusion that [Sosa] will be tortured" if returned to Ecuador. *Cf. Delgado*, 648 F.3d at 1108.

**PETITION DENIED.**