**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50122 |
| Plaintiff - Appellee, | D.C. No. 3:10-cr-00032-BTM-1 |
| v. | |
| ALFREDO PADILLA-VEGA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Barry T. Moskowitz, District Judge, Presiding

Submitted April 10, 2012[**]
Pasadena, California

Before: FERNANDEZ and SILVERMAN, Circuit Judges, and BLOCK, District
Judge.[***]

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Frederic Block, Senior United States District Judge for
the Eastern District of New York, sitting by designation.

On January 6, 2010, Alfredo Padilla-Vega was indicted on one count of being a deported alien found in the United States, in violation of 8 U.S.C. § 1326. After unsuccessfully moving to dismiss the indictment, he entered a conditional guilty plea, pursuant to which he was sentenced to 36 months in prison. He now appeals that sentence on the ground that his prior deportation was invalid. The district court rejected this argument. We affirm.

Padilla-Vega was previously deported on the basis of being convicted of an "aggravated felony." *See* 8 U.S.C. § 1227(a)(2)(A)(iii). He argues, however, that his conviction for attempted sexual abuse of a minor under state law, *see* Or. Rev. Stat. § 163.427, did not constitute "sexual abuse of a minor" as defined by 8 U.S.C. § 1101(a)(43)(A). Thus, he contends, the prior conviction is not one for an "aggravated felony." That contention is incorrect.

Properly applying the modified categorical approach, the district court found the facts of Padilla-Vega's Oregon conviction to fit squarely within this Circuit's definition of "sexual abuse of a minor." *See United States v. Medina-Villa*, 567 F.3d 507, 513 (9th Cir. 2009) (requiring (1) sexual conduct; (2) with a minor; (3) that constitutes abuse). Padilla-Vega argues that the *Medina-Villa* definition and the modified categorical approach were impliedly overridden by the Supreme Court's opinion in *Nijhawan v. Holder*, 129 S. Ct. 2294, 2300 (2009), which cited in dicta to

2

this Circuit's opinion in *Estrada-Espinoza v. Mukasey*, 546 F.3d 1147, 1156 (9th Cir. 2008) (en banc) (discussing the definition of "sexual abuse of a minor"). But nothing in *Nijhawan*, which determined whether a provision for monetary loss was an "element" of the aggravated fraud or deceit felony appearing at 8 U.S.C. § 1101(a)(43)(M)(i), purports to reject either the approach employed by the district court or the definition adopted in *Medina-Villa*. *See Carachuri-Rosendo v. Holder*, 130 S. Ct. 2577, 2587 n.11 (2010) (the holding in *Nijhawan* "was tailored to the 'circumstance-specific' language contained in [a] particular subsection of the aggravated felony definition").

Nor does Padilla-Vega gain any traction from arguing that the statute of conviction covers an overly broad range of conduct because it potentially punishes acts that do not constitute "sex acts" or "abuse." When determining whether a guilty plea admits the elements of a generic offense, courts may consider "the terms of the charging document" and "the terms of a plea agreement." *Shepard v. United States*, 544 U.S. 13, 26 (2005). The district court appropriately relied upon the detailed terms of Count Three of Padilla-Vega's indictment, to which he pled guilty, stating that he "unlawfully and intentionally attempted to subject [the victim], a person under the age of 14 years, to sexual contact by attempting to touch her vaginal area."

3

Importantly, in this Circuit, sexual conduct with children younger than fourteen years is "*per se* abusive." *United States v. Valencia-Barragan*, 608 F.3d 1103, 1107 (9th Cir. 2010). Because Padilla-Vega committed an "aggravated felony" as we have defined that term, his prior deportation on that ground was valid. He was not eligible for voluntary departure. Accordingly, the district court did not err in refusing to dismiss the indictment.

**AFFIRMED.**