**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50236 |
| Plaintiff - Appellee, | D.C. No. 3:10-cr-01966-DMS |
| v. | |
| GONZALO ANAYA-SANTIAGO, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Dana M. Sabraw, District Judge, Presiding

Submitted September 10, 2012[**]

Before:     WARDLAW, CLIFTON, and N.R. SMITH, Circuit Judges.

Gonzalo Anaya-Santiago appeals from the 63-month sentence imposed

following his bench-trial conviction for being a deported alien found in the United

States, in violation of 8 U.S.C. § 1326.  We have jurisdiction under 28 U.S.C.

§ 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

Anaya-Santiago contends that the district court erred by imposing a 16-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii) because his conviction under Indiana Code § 35-42-4-3(b) does not qualify as sexual abuse of a minor under *Estrada-Espinoza v. Mukasey*, 546 F.3d 1147 (9th Cir. 2008) (en banc). The district court correctly determined that the Indiana conviction constituted sexual abuse of a minor warranting the 16-level enhancement. *See United States v. Medina-Villa*, 567 F.3d 507, 513-16 (9th Cir. 2009). We reject Anaya-Santiago's argument that *Medina-Villa* is no longer good law.

Anaya-Santiago also contends that he was subject to the 2-year statutory maximum of 8 U.S.C. § 1326(a), rather than the 20-year maximum of section 1326(b)(2), because the Supreme Court implicitly overruled *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), in *Nijhawan v. Holder*, 557 U.S. 29 (2009), and *United States v. O'Brien*, 130 S. Ct. 2169 (2010). We have previously considered and rejected this argument. *See United States v. Ruiz-Apolonio*, 657 F.3d 907, 920-21 & n.11 (9th Cir. 2011).

**AFFIRMED.**