TASHIMA, Circuit Judge,
concurring in part and dissenting in part:
While I agree with the majority’s disposition of Landaverde’s second petition for review, in No. 13-73371, I disagree that the BIA did not abuse its discretion when it determined that Landaverde had been convicted of a particularly serious crime, rendering him ineligible for withholding of removal. I- therefore respectfully dissent, in part, from the majority’s denial of Land-averde’s petition for review in No. 12-70137.
We review the BIA’s application of law de novo. Blandino-Medina v. Holder, 712 F.3d 1338, 1342-43 (9th Cir.2013). Here, the BIA’s analysis relied almost exclusively on the elements of Landaverde’s crime. This is contrary to both Ninth Circuit and BIA precedent, which, instead, require the BIA to base its determination on the unique facts and circumstances underlying the conviction.
Under the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (“IIRIRA”), only aggravated felonies “for which the alien has been sentenced to an aggregate term of imprisonment of at least 5 years” are per se particularly serious crimes. 8 U.S.C. § 1231(b)(3)(B)(iv). For all other convictions, the BIA must “exam-inen the individualized characteristics of the offense” on a case-by-case basis. Blandino-Medina, 712 F.3d at 1348. Thus, the BIA cannot deem a crime particularly serious “based solely on the elements of the offense.” Id. Instead, its analysis must be guided by four factors, as set forth in Matter of Frentescu: (1) the nature of the conviction; (2) the circumstances and underlying facts of the conviction; (3) the type of sentence imposed; and (4) whether the type and circumstances of the crime indicate that the alien will be a danger to the community. 18 I. 6 N. Dec. 244, 247 (BIA 1982). Proper application of the Frentescu, factors requires the BIA to “separate [Petitioner’s crime] from an analysis regarding any oth *915 er person’s conviction for the same offense.” Afridi v. Gonzales, 442 F.3d 1212, 1219 (9th Cir.2006), overruled on other grounds by Estrada-Espinoza v. Mukasey, 546 F.3d 1147 (9th Cir.2008) (en banc).
Landaverde pled guilty to committing lewd and lascivious acts with a minor under California Penal Code § 288(a).[1] He was sentenced to six days in jail, five years of probation, and required to register as a sex offender in California. All of the parties agree that Landaverde’s crime was not an aggravated felony. Therefore, the BIA was obligated to examine the “individualized characteristics of the offense” in order to deem it particularly serious.
Yet, in its initial decision, the BIA focused on just three factors: (1) the elements of § 288(a), which the agency noted is categorized as a “serious felony” under California law; (2) the age difference between Landaverde and his victim, which “evidenced] the predatory nature of the offense”; and (3) the fact that Landaverde was required to register as a sex offender. Each of these factors primarily speaks to either the nature of the crime, or its elements.[2] Later, in its decision denying Landaverde’s motion to reconsider, the BIA also noted that “the length of probation,” combined with the registration requirement, “demonstrates that [Landa-verde] is a danger to the community of the United States.”[3]
This truncated analysis all but ignores the second Frentescu factor, and gives little more than cursory attention to the third and fourth factors. The BIA did not discuss any facts that differentiate this crime from any other conviction for the same offense, except incidentally to note the “difference in age between the respondent and the victim” in its discussion of the first Frentescu factor, the nature of the crime. And, other than a brief mention of the length of Landaverde’s probation, all of the factors that the BIA relied on are elements of § 288(a). They would be present in any conviction under that statute. Thus, the BIA failed to apply both our precedent in Blandino-Medina, and its own requirements, as set forth in Frentes-cu. See Afridi, 442 F.3d at 1219 (holding that simply considering the nature of the petitioner’s crime and the terms of his probation was not sufficient to separate Afridi’s crime from that of any other person convicted under the same statute).
Because the BIA failed adequately to consider all four Frentescu factors in *916 making its particularly serious crime determination, I would grant Landaverde’s petition for review in No. 12-70137 and examines the individual characteristics of remand for a case-specific analysis that his crime. As to this issue, I respectfully dissent.[4]

. Section 288(a) provides that “any person who willfully and lewdly commits any lewd or lascivious act ... upon or with the body, or any part or member thereof, of a child who is under the age of 14 years, with the intent of arousing, appealing to, or gratifying the lust, passions, or sexual desires of that person or the child, is guilty of a felony and shall be punished by imprisonment in the state prison for three, six, or eight years.”

. The majority asserts that "the BIA discussed the particulars of Landaverde’s conviction, noting that Landaverde had 'sexual relations with a 13 year-old female child when he was 23 years old,” and that this “ 'difference in age’ ,.. evidence[d] the predatory nature of [Landaverde's] offense.’ ” Maj. disp. at 3. But the difference in age is an element of the offense. Section 288(a) requires a minimum age difference of eight years (an adult of 21 years and a minor under 14 years of age), and the difference here was 10 years.

,One can just as easily argue that the imposition of a sentence of probation indicates leniency because it is less harsh than its alternative, imprisonment. As for the registration requirement, presumably all persons convicted of violating § 288(a) are subject to it. Moreover, Frentescu’s fourth factor directs an examination of whether the type and circumstances of the crime indicate that the alien will be a danger to the community, not whether the type of sentence imposed so indicates.

. I agree with the majority’s dismissal of the remainder of Landaverde’s petition for review in No. 12-70137 because Landaverde did not exhaust his administrative remedies with respect to his CAT claim,