MEMORANDUM **
Carlos Felix-Morales appeals the district court’s denial of his motion to withdraw his guilty plea and to dismiss the Information charging him with unlawful reentry under 8 U.S.C. § 1326. We reverse and remand.
Felix-Morales was born in Mexico but came to the United States as a young man to find work in 1985. He obtained temporary residency as a “Special Agricultural Worker” in 1988 and subsequently adjusted his status to legal permanent resident in 1990. He ran a trucking business with his brother, and worked to support his wife, a legal permanent resident, and two children, both U.S. citizens. Felix-Morales also has two brothers and a sister living in the U.S.
Felix-Morales was deported in 1997 after being convicted for statutory rape under California Penal Code § 261.5, which at that time was considered a categorical aggravated felony. The conviction underlying his 1997 deportation is no longer considered an aggravated felony. Estrador-Espinoza v. Mukasey, 546 F.3d 1147 (9th Cir.2008) (en banc), overruling recognized by United States v. Gomez, 757 F.3d 885, 901 (9th Cir.2014). Although his conviction constituted an aggravated felony at the time of his 1997 deportation, changes in statutory interpretation apply retroactively for purposes of § 1326(d). United States v. Aguilera-Rios, 769 F.3d 626, 631-33 (9th Cir.2014). In March, 2013, Felix-Morales pled guilty to unlawful reentry after his 1997 deportation. In this appeal, Felix-Morales collaterally attacks his 1997 deportation under § 1326(d).
We review a collateral attack on deportation de novo. Aguileror-Rios, 769 F.3d at 629. A collateral attack on deportation involves three elements: (1) exhaustion of administrative remedies; (2) deprivation of judicial review; and (3) a deportation that was fundamentally unfair. 8 U.S.C. § 1326(d); see also Aguilera-Rios, 769 *607 F.3d at 630. The government agrees that the 1997 deportation was fundamentally unfair but argues that Felix-Morales has not established the first two elements.
Sections 1326(d)(1) and (d)(2) are satisfied in three overlapping categorical circumstances: (1) when the IJ failed to inform defendant of his right to appeal his deportation; (2) when the IJ failed to inform defendant of eligibility for a certain kind of relief; or (3) when defendant’s waiver of a right to appeal was not “considered and intelligent.” See United States v. Gonzalez-Villalobos, 724 F.3d 1125, 1130-31 (9th Cir.2013).
Felix-Morales was not deportable because of his 1997 conviction, which is no longer considered an aggravated felony. Therefore, any waiver of his right to appeal was necessarily based on incorrect information. As such, Felix-Morales’s waiver should not have been treated as “considered and intelligent.” He has thus satisfied §§ 1326(d)(1) and (d)(2). Id. Accordingly, we reverse the conviction and vacate the district court’s order denying Felix-Morales’s motion to dismiss the Information. And we remand for further proceedings consistent with the views herein expressed.
REVERSED and REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.