**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

NOV 19 2009

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

---

IBRAHIM IBSSA MOHAMMED,

Petitioner,

v.

ERIC HOLDER, Attorney General,

Respondent.

---

Nos. 07-73940 and 08-71182

Agency No. A071-772-799

MEMORANDUM[*]

On Petitions for Review of Orders of the
Board of Immigration Appeals

Argued and Submitted on November 6, 2009
San Francisco, California

Before: NOONAN and W. FLETCHER, Circuit Judges, and DUFFY,[**] District

Judge.

Petitioner Ibrahim Ibssa Mohammed, a citizen of Ethiopia, brings these

consolidated petitions for review of two orders of the Board of Immigration

---

[*] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Kevin Thomas Duffy, United States District Judge for the Southern District of New York, sitting by designation.

Appeals ("BIA"). In the first order, the BIA adopted and affirmed the decision of the Immigration Judge ("IJ") concluding that Mohammed's conviction for "robbery" under Arizona Revised Statutes § 13-1902 constituted a "particularly serious crime," making Mohammed ineligible for asylum and withholding of removal, and that Mohammed failed to meet his burden for protection under the Convention Against Torture ("CAT"). Petitioner's first petition to this court challenged this decision of the BIA.

Mohammed filed a motion to reopen, alleging, among other things, that he was incompetent to proceed pro se, and as a result, that the proceedings before the IJ lacked due process. He also claimed that evidence of his mental illness undermined the IJ's determination that he was convicted for a particularly serious crime. The BIA denied the motion. Petitioner's second petition to this court challenged this denial.

We deny the first petition for review. We grant in part the second petition for review, reversing the denial of the motion to reopen and remanding for a hearing with all of the now-available evidence relevant to the CAT claim.

**First Petition for Review**

The court reviews for substantial evidence the factual findings underlying the agency's determination that an applicant is not eligible for protection under

CAT.  *See, e.g.*, *Morales v. Gonzales*, 478 F.3d 972, 983 (9th Cir. 2007).  This standard requires the court "to uphold the BIA's determination if supported by 'reasonable, substantial, and probative evidence on the record.'"  *Id.* (citations omitted).  Even if the court might have reached a different conclusion from that reached by the BIA, it "may not reverse unless [it] determine[s] that any reasonable factfinder would have been compelled to reach that conclusion."  *Lolong v. Gonzalez*, 484 F.3d 1173, 1178 (9th Cir. 2007) (en banc).

Here, because the BIA "adopt[ed] and affirm[ed] the decision of the Immigration Judge," citing *Matter of Burbano*, 20 I. &. N. 872, 874 (BIA 1994), and did not express any disagreement with any aspect of the IJ's decision, the court reviews the IJ's decision.  *Cinapian v. Holder*, 567 F.3d 1067, 1073 (9th Cir. 2009).  In addition, because the BIA expressly adopted the reasoning of the IJ and also added some of its own reasoning, this court's review encompasses both decisions.  *Nuru v. Gonzales*, 404 F.3d 1207, 1215 (9th Cir. 2005).

An applicant seeking relief under CAT must "establish that it is more likely than not that he or she would be tortured if removed to the proposed country of removal."  8 C.F.R § 1208.16(c)(2); *see Nuru*, 404 F.3d at 1216.  He or she must show that the treatment he or she will likely suffer rises to the level of "torture."  *Id.* at 1217.  The regulations define torture as "any act by which severe pain or

3

suffering, whether physical or mental, is intentionally inflicted on a person . . . by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." *Villegas v. Mukasey*, 523 F.3d 984, 988 (9th Cir. 2008) (quoting 8 C.F.R. § 1208.18(a)(1)). "[T]o constitute torture, an act must be specifically intended to inflict severe physical or mental pain or suffering." *Id.* (citing 8 C.F.R. § 1208.18(a)(5)).

The record initially before the IJ and BIA does not compel a conclusion that Mohammed met his burden for protection under CAT. *See Singh-Kaur v. INS*, 183 F.3d 1147, 1150 (9th Cir. 1999) (noting that a contrary result is not compelled where there is "[t]he possibility of drawing two inconsistent conclusions from the evidence") (internal quotation marks and citation omitted). Because substantial evidence supports the conclusions of the IJ and BIA as the record had thus far been created, the BIA's order is affirmed. Mohammed's first petition for review is denied.

**Second Petition for Review**

The court reviews the BIA's denial of a motion to reopen for abuse of discretion, reversing only if the BIA's decision is "arbitrary, irrational, or contrary to law." *See Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005). The

4

BIA's determination of purely legal questions is reviewed *de novo*. *See Alali-Amin v. Mukasey*, 523 F.3d 1039, 1041 (9th Cir. 2008).

Mohammed's claim that the BIA abused its discretion in denying reopening with respect to the "particularly serious crime" determination is without merit. The court lacks jurisdiction to review the BIA's discretionary determination of whether a crime is "particularly serious," *Delgado v. Mukasey*, 563 F.3d 863, 871 (9th Cir. 2009), but can "determine whether the BIA applied the correct legal standard in making its determination," *Afridi v. Gonzales*, 442 F.3d 1212, 1218 (9th Cir. 2006), *overruled on other grounds by Estrada-Espinoza v. Mukasey*, 546 F.3d 1147 (9th Cir. 2008) (en banc); *see Anaya-Ortiz v. Mukasey*, 553 F.3d 1266, 1276 (9th Cir. 2009). Here, the BIA explicitly referred to its prior decision, which applied the correct legal standard. The BIA's failure to reiterate its prior analysis is not "arbitrary, irrational, or contrary to law." *Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir. 2002).

As to Mohammed's CAT claim, Mohammed presented additional evidence, including revised declarations from his father, his brother, and an expert, Professor Ali. The new evidence provides much stronger support for Mohammed's CAT claim than the evidence initially before the IJ and BIA. The revised declarations indicate that Mohammed was a youth member of the Oromo Liberation Front

5

("OLF"), an opposition group to the ruling party of the Ethiopian government, and that his father and brother are currently well known among Oromos in Ethiopia as OLF supporters.

The BIA did not determine whether Mohammed's proceedings before the IJ lacked due process, because it denied the motion to reopen on the ground that Mohammed failed to show prejudice. In doing so, it misstated the legal standard for prejudice, concluding: "[t]he respondent's burden is a high one, to show prima facie that torture is more likely than not. Under these circumstances, the respondent has not done so and thus has not demonstrated that the result of his proceedings would have been different in the absence of the deficiencies he alleges." The BIA appears to have concluded that because Mohammed had not demonstrated prima facie eligibility for relief, it follows that he could not have shown prejudice. Mohammed is not required to show that the outcome "would have been different" to show prejudice. *See Cano-Merida v. INS*, 311 F.3d 960, 965 (9th Cir. 2002). The BIA's conclusion is thus an abuse of discretion, because it is "contrary to law." *Singh*, 295 F.3d at 1039.

Accordingly, we grant in part Mohammed's second petition for review and reverse the BIA's denial of the motion to reopen with respect to the CAT claim. The BIA is instructed to reopen proceedings to allow a hearing with all of the now-

available evidence relevant to Mohammed's CAT claim. The second petition for

review is denied with respect to Mohammed's remaining claims.