**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
       *Plaintiff-Appellee,*

v.

JOSE VALENCIA-BARRAGAN,
       *Defendant-Appellant.*

No. 09-50018

D.C. No.
3:08-CR-01188-W-1

OPINION

Appeal from the United States District Court
for the Southern District of California
Thomas J. Whelan, District Judge, Presiding

Argued and Submitted
January 13, 2010—Pasadena, California

Filed April 6, 2010

Before: Alfred T. Goodwin, William C. Canby, Jr. and
Raymond C. Fisher, Circuit Judges.

Opinion by Judge Goodwin

## COUNSEL

Steven F. Hubachek, Federal Defenders of San Diego, Inc., San Diego, California, for the defendant-appellant.

David P. Curnow, Steve Miller (argued), Assistant United States Attorneys, San Diego, California, for the plaintiff-appellee.

## OPINION

GOODWIN, Senior Circuit Judge:

Jose Valencia-Barragan appeals his forty-one month sentence for attempted reentry into the United States after removal in violation of 8 U.S.C. § 1326. That sentence includes a sixteen-level increase in offense level for a prior conviction under Revised Code of Washington section

9A.44.076(1) ("section 9A.44.076(1)"), which criminalizes the rape of a child who is twelve or thirteen years old. Wash. Rev. Code § 9A.44.076(1). Valencia-Barragan argues, first, that a conviction under section 9A.44.076(1) does not constitute a "crime of violence" warranting a sixteen-level increase under United States Sentencing Guideline ("U.S.S.G.") § 2L1.2(b)(1)(A). He also argues that the district court erred procedurally in failing to explain and apply the sentencing factors under 18 U.S.C. § 3553(a) and imposed a substantively unreasonable sentence in violation of *United States v. Amezcua-Vasquez*, 567 F.3d 1050 (9th Cir. 2009).

We have jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291. We hold that a conviction under section 9A.44.076(1) categorically constitutes "sexual abuse of a minor" and is therefore a crime of violence warranting a sixteen-level increase. We also hold that the district court did not impose a procedurally or substantively unreasonable sentence. Therefore, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On May 18, 2008, a United States Border Patrol agent, responding to information from a seismic intrusion device, found Valencia-Barragan hiding in brush north of the United States-Mexico border. Valencia-Barragan, a citizen of Mexico, had previously been deported after pleading guilty to second-degree rape of a child under fourteen, a felony under Washington law. *See* Wash. Rev. Code § 9A.44.076(2). According to his presentence report, Valencia-Barragan expressed no remorse and stated that he believed he had done nothing wrong. He also allegedly kissed, touched, and exposed himself to a second child, an eleven-year-old girl, although he was not charged for that incident. He was sentenced to sixty-eight months in prison and was deported in 1999 following his release.

On June 30, 2008, Valencia-Barragan pleaded guilty to being a deported alien found in the United States in violation

of 8 U.S.C. § 1326. At sentencing, the district court ruled that Valencia-Barragan's prior conviction under section 9A.44.076(1) qualified as "statutory rape" and was therefore a crime of violence for purposes of sentencing enhancement. The court found a base offense level of eight, U.S.S.G. § 2L1.2(a); a sixteen-level increase based on a prior conviction for a crime of violence, *id.* § 2L1.2(b)(1)(A)(ii); and a three-level decrease for acceptance of responsibility, *id.* § 3E1.1. Noting that the applicable Guidelines range was forty-one to fifty-one months, the court concluded, "Mindful of the fact the statutory maximum for this offense is up to 20 years in custody, and reviewing the criteria set forth in [18 U.S.C. § 3553(a)], I find that the low end of the adjusted Guideline range would be a sufficient sentence but not greater than necessary," and imposed a sentence of forty-one months. Valencia-Barragan timely appealed.

## DISCUSSION

### A.   *Sixteen-Level Increase Under U.S.S.G. § 2L1.2(b)(1)(A)*

   **[1]** Valencia-Barragan argues, first, that his prior conviction under section 9A.44.076(1) constitutes neither "statutory rape" nor "sexual abuse of a minor" and therefore is not a crime of violence warranting a sixteen-level increase under U.S.S.G. § 2L1.2(b)(1)(A). For a violation of 8 U.S.C. § 1326, the Sentencing Guidelines provide for a base offense level of eight with an increase of sixteen levels "[i]f the defendant previously was deported . . . after . . . a conviction for a felony that is . . . a crime of violence." U.S.S.G. § 2L1.2(b)(1)(A)(ii). "Crime of violence" includes, inter alia, "sexual abuse of a minor" and "statutory rape." *Id.* at cmt. n.1(B)(iii). On de novo review, *United States v. Medina-Villa*, 567 F.3d 507, 511 (9th Cir. 2009), we conclude that a conviction under section 9A.44.076(1) categorically constitutes sexual abuse of a minor, and that the sixteen-level increase therefore applies.

**[2]** Section 9A.44.076(1) provides that "[a] person is guilty of rape of a child in the second degree when the person has sexual intercourse with another who is at least twelve years old but less than fourteen years old and not married to the perpetrator and the perpetrator is at least thirty-six months older than the victim." Wash. Rev. Code § 9A.44.076(1). To determine whether a prior conviction under section 9A.44.076(1) constitutes either "sexual abuse of a minor" or "statutory rape" for purposes of sentencing enhancement, we apply the categorical approach set forth in *Taylor v. United States*, 495 U.S. 575, 600-02 (1990). "Under the categorical approach, we 'compare the elements of the statute of conviction with a federal definition of the crime to determine whether conduct proscribed by the statute is broader than the generic federal definition.' " *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008) (quoting *Quintero-Salazar v. Keisler*, 506 F.3d 688, 692 (9th Cir. 2007)). "We do not examine the facts underlying the offense, but 'look only to the fact of conviction and the statutory definition of the prior offense.' " *Estrada-Espinoza v. Mukasey*, 546 F.3d 1147, 1152 (9th Cir. 2008) (en banc) (quoting *Taylor*, 495 U.S. at 602).

**[3]** The generic crime of statutory rape, derived from 18 U.S.C. § 2243, contains four elements: "(1) a mens rea level of knowingly; (2) a sexual act; (3) with a minor between the ages of 12 and 16; and (4) an age difference of at least four years between the defendant and the minor."[1] *Estrada-*

---

[1]Although *Estrada-Espinoza* referred to those elements as defining "sexual abuse of a minor," we subsequently clarified that the *Estrada-Espinoza* definition "encompassed statutory rape crimes only." *Medina-Villa*, 567 F.3d at 514; *accord Pelayo-Garcia v. Holder*, 589 F.3d 1010, 1013-14 (9th Cir. 2009). *Estrada-Espinoza* therefore defined generic statutory rape and did not alter the existing definition of generic sexual abuse of a minor.

Moreover, although *Estrada-Espinoza* addressed whether a statute of conviction constituted an "aggravated felony" in the immigration context, 8 U.S.C. § 1101(a)(43), that distinction is immaterial. The analysis is the same for a "crime of violence" in the sentencing context, U.S.S.G. § 2L1.2. *See Pelayo-Garcia*, 589 F.3d at 1013 n.1; *Medina-Villa*, 567 F.3d at 511-12.

*Espinoza*, 546 F.3d at 1152. Two of those elements, the mens rea requirement and the sexual act element, are limited by statute. First, the mens rea requirement does not apply to the defendant's knowledge of either the minor's age or the requisite age difference, but only to the defendant's act of engaging in a sexual act. *See* 18 U.S.C. § 2243(d); *Pelayo-Garcia*, 589 F.3d at 1013. Second, for purposes of the generic crime of statutory rape, "sexual act" is defined as follows:

> (A) contact between the penis and the vulva or the penis and the anus, and for purposes of this subparagraph contact involving the penis occurs upon penetration, however slight;

> (B) contact between the mouth and the penis, the mouth and the vulva, or the mouth and the anus;

> (C) the penetration, however slight, of the anal or genital opening of another by a hand or finger or by any object, with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person; or

> (D) the intentional touching, not through the clothing, of the genitalia of another person who has not attained the age of 16 years with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person.

18 U.S.C. § 2246(2); *see also United States v. Castro*, ___ F.3d ___, ___ (9th Cir. 2010) (applying the definition of "sexual act" set forth in 18 U.S.C. § 2246(2) to the generic crime of statutory rape).

   **[4]** Applying the categorical analysis, we conclude that section 9A.44.076(1) is categorically broader than the generic crime of statutory rape. Section 9A.44.076(1) contains two elements of the generic crime, in that it (1) prohibits sexual

intercourse, which constitutes a "sexual act," *see* 18 U.S.C.
§ 2246(2)(A); (2) with a minor within the requisite age range.
But section 9A.44.076(1) is categorically broader than the
generic crime of statutory rape because it is missing two ele-
ments: a mens rea level of knowingly, and, because the statute
applies if the defendant is thirty-six months older than the vic-
tim, an age difference of at least three years. Because the
"statute of conviction criminalizes conduct that would not sat-
isfy the federal definition of the crime at issue, . . . the convic-
tion does not qualify as a predicate offense under the
categorical approach." *Quintero-Salazar*, 506 F.3d at 692. A
conviction under section 9A.44.076(1) therefore does not cat-
egorically constitute statutory rape.

**[5]** We conclude, however, that a conviction under section
9A.44.076(1) categorically constitutes sexual abuse of a
minor. The generic crime of sexual abuse of a minor contains
three elements: (1) sexual conduct; (2) with a minor; (3) that
constitutes abuse. *Medina-Villa*, 567 F.3d at 513. We define
the first two elements—(1) sexual conduct; (2) with a minor
—by "employing the ordinary, contemporary, and common
meaning of the words that Congress used." *United States v.
Baron-Medina*, 187 F.3d 1144, 1146 (9th Cir. 1999) (quoting
*Zimmerman v. Or. Dep't of Justice*, 170 F.3d 1169, 1174 (9th
Cir. 1999) (internal quotation marks omitted)). We define the
third element—abuse—as " 'physical or psychological harm'
in light of the age of the victim in question." *Medina-Villa*,
567 F.3d at 513. Sexual conduct with younger children is per
se abusive. *Id.* at 514-15.

**[6]** Section 9A.44.076(1) contains the first two elements of
the generic crime of sexual abuse of a minor because it pro-
hibits (1) sexual conduct (2) with a minor. It contains the final
element, abuse, because it applies to sexual conduct with chil-
dren younger than fourteen years, and therefore prohibits con-
duct that is per se abusive. *See, e.g.*, *Baron-Medina*, 187 F.3d
at 1147 (concluding that the use of children under fourteen for
the gratification of sexual desire necessarily constitutes

abuse). Because section 9A.44.076(1) criminalizes conduct that satisfies the federal generic definition of "sexual abuse of a minor," Valencia-Barragan's prior conviction constitutes a crime of violence and the district court did not err in imposing a sixteen-level increase under U.S.S.G. § 2L1.2(b)(1)(A).

B.  *Procedural and Substantive Reasonableness*

Valencia-Barragan also contends that the district court failed to adequately address and apply the sentencing factors listed in 18 U.S.C. § 3553(a) ("the § 3553(a) factors") and imposed a substantively unreasonable sentence. We review sentencing decisions for abuse of discretion. *United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc). Where, as here, a defendant failed to object on the ground that the district court erred procedurally in explaining and applying the § 3553(a) factors, we review only for plain error.[2] *United States v. Sylvester Norman Knows His Gun, III*, 438 F.3d 913, 918 (9th Cir. 2006).

[7] The district court did not plainly err in its explanation and application of the § 3553(a) factors. Under the sentencing statute, the district court was required to "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). "Nonetheless, when a judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation." *Rita v. United States*, 551 U.S. 338, 356 (2007). Accordingly, "a sentencing judge does not abuse his discretion when he listens to the

---

[2]Valencia-Barragan argues that, although he did not object on procedural grounds before the district court, presenting arguments relevant to mitigation should be sufficient to invoke the abuse of discretion standard. However, to the extent that Valencia-Barragan raised the issue of the § 3553(a) factors before the district court, he did so in challenging the *substantive* reasonableness of his sentence, arguing that the court should consider various factors in mitigation. *See Gall v. United States*, 552 U.S. 38, 51 (2007). Because he raised no issue of procedural error by the district court, plain error review applies.

defendant's arguments and then 'simply [finds the] circumstances insufficient to warrant a sentence lower than the Guidelines range.' " *Amezcua-Vasquez*, 567 F.3d at 1053-54 (quoting *Carty*, 520 F.3d at 995) (alteration in *Amezcua-Vasquez*). Here, the district court listened to Valencia-Barragan's arguments, stated that it had reviewed the criteria set forth in § 3553(a), and imposed a sentence within the Guidelines range. Its failure to do more does not constitute plain error.

Moreover, contrary to Valencia-Barragan's contention, his sentence is not substantively unreasonable under *Amezcua-Vasquez*. In *Amezcua-Vasquez*, 567 F.3d at 1052, the defendant was convicted of assault with great bodily injury and attempted voluntary manslaughter after a stabbing during a gang-related bar fight. He was deported more than twenty years after completing a four-year prison sentence for that crime and nearly fifty years after becoming a permanent resident, and was apprehended entering the United States shortly thereafter. *Id.* at 1051-52. In those circumstances, we held that a fifty-two month sentence that was largely predetermined by a sixteen-level sentencing enhancement was substantively unreasonable. *Id.* at 1056. We emphasized that "[t]he scope of our decision is limited . . . . We make no pronouncement as to the reasonableness of a comparable sentence were [the defendant's] conviction more recent, the sentence resulting from the prior conviction more severe or 'the need . . . to protect the public from further crimes of the defendant' otherwise greater." *Id.* at 1058 (quoting 18 U.S.C. § 3553(a)(2)(C)).

**[8]** Given the limited scope of *Amezcua-Vasquez*'s holding, the district court did not abuse its discretion in applying a sixteen-level enhancement for Valencia-Barragan's prior conviction. Unlike the defendant in *Amezcua-Vasquez*, Valencia-Barragan was deported immediately after serving his sentence, and Valencia-Barragan's conviction was comparatively more recent. Moreover, given the nature of Valencia-Barragan's crime, and the fact that he allegedly also

kissed, touched, and exposed himself to an eleven-year-old girl, "the need . . . to protect the public from further crimes of the defendant" might logically be greater. 18 U.S.C. § 3553(a)(2)(C). The district court therefore did not abuse its discretion in imposing a within-Guidelines sentence. The sentence is neither procedurally nor substantively unreasonable.

AFFIRMED.