**NOT FOR PUBLICATION**

FILED

JUN 18 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-50276 |
| Plaintiff - Appellee, | D.C. No. 3:09-CR-01051-LAB |
| v. | |
| MELECIO ALDANA-ORTIZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted May 25, 2010[**]

Before:    CANBY, THOMAS, and W. FLETCHER, Circuit Judges.

Melecio Aldana-Ortiz appeals from the 68-month sentence imposed

following his guilty-plea conviction for attempted entry after deportation, in

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Aldana-Ortiz contends that the district court procedurally erred by: (1) failing to respond to his non-frivolous argument that a sixteen-level enhancement, under U.S.S.G. § 2L1.2, was sufficient to compensate for any underrepresentation in his criminal history score, and (2) focusing on the need for deterrence to the exclusion of the other 18 U.S.C. § 3553(a) sentencing factors. The record reflects that the district court did not procedurally err. *See United States v. Carty*, 520 F.3d 984, 992-93 (9th Cir. 2008) (en banc).

Aldana-Ortiz further contends that his sentence is substantively unreasonable under *United States v. Amezcua-Vasquez*, 567 F.3d 1050, 1056 (9th Cir. 2009), because the sixteen-level enhancement was predicated on a "stale" conviction. In light of the totality of the circumstances of this case and the § 3553(a) sentencing factors, the sentence is substantively reasonable. *See United States v. Valencia-Barragan*, 600 F.3d 1132, 1137 (9th Cir. 2010); *United States v. Higuera-Llamos*, 574 F.3d 1206, 1211-12 (9th Cir. 2009); *cf. Amezcua-Vasquez*, 567 F.3d at 1055-57.

**AFFIRMED.**