FILED

**NOT FOR PUBLICATION**

JAN 05 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FRANCISCO PRADO-LOPEZ,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 08-72997<br><br>Agency No. A013-624-036<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted December 9, 2011
San Francisco, California

Before: O'SCANNLAIN, COWEN,[**] and BERZON, Circuit Judges.

We grant petitioner Francisco Prado-Lopez's request for review of an order

of the Board of Immigration Appeals (BIA) reversing the Immigration Judge's (IJ)

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]   The Honorable Robert E. Cowen, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

grant of a waiver of inadmissibility and ordering Prado-Lopez removed from the United States based on the IJ's finding that he is deportable as an aggravated felon. We affirm the IJ's and BIA's conclusions that Prado-Lopez's crime in violation of California Penal Code § 288.5(a) constitutes sexual abuse of a minor. Because it is unclear from its opinion whether the BIA sufficiently considered Prado-Lopez's rehabilitation as a factor justifying a waiver of inadmissibility, we remand to the BIA for consideration of that factor.

1. Although Prado-Lopez did not exhaust the issue of whether the offense he committed in violation of California Penal Code § 288.5(a) constitutes sexual abuse of a minor, he is excused from exhausting his administrative remedies on this issue because it is "based on events that occurr[ed] *after* briefing to the BIA ha[d] been completed." *Alcaraz v. INS*, 384 F.3d 1150, 1158 (9th Cir. 2004). Here, that event was our decision in *Estrada-Espinoza v. Mukasey*, 546 F.3d 1147, 1154 (9th Cir. 2008) (en banc), in which we held that California's statutory rape statute is not categorically sexual abuse of a minor. Prado-Lopez argues that *Estrada-Espinoza* casts doubt on our previous classification of the crime for which he was convicted as sexual abuse of a minor. *See United States v. Baron-Medina*, 187 F.3d 1144 (9th Cir. 1999) (California Penal Code § 288(a) constitutes sexual abuse of a minor). Our decision in *United States v. Medina-Villa*, 567 F.3d 507, 516 (9th

Cir. 2009), however, squarely foreclosed the application of *Estrada-Espinoza* to California Penal Code § 288(a), of which section 288.5(a) is a subset. Since California Penal Code § 288.5(a) is a subset of California Penal Code § 288(a), the crime committed by petitioner constitutes sexual abuse of a minor and an aggravated felony under the INA. Therefore, we affirm the BIA on this issue.

2. We have jurisdiction to review constitutional issues and questions of law presented by non-citizens removable for committing an aggravated felony. *Xiao Fei Zheng v. Holder*, 644 F.3d 829, 832-33 (9th Cir. 2011). Under controlling law, the BIA was required to consider evidence of Prado-Lopez's rehabilitation. *Id.* at 833. The BIA enumerated several positive equities, and articulated how each one was undermined by the commission of the crime. But the BIA did not mention, and we do not know whether it considered, evidence of Prado-Lopez's rehabilitation. Rehabilitation is a factor that the IJ discussed, specifically singled out in the conclusion granting the waiver, and found especially compelling in granting the discretionary relief. "The BIA's failure to consider or even mention such a significant factor constitutes an abuse of discretion." *Id.* at 834. Therefore, we remand to the BIA to expressly evaluate the evidence of rehabilitation.

**AFFIRMED IN PART AND REMANDED IN PART.**

3

*Prado-Lopez v. Holder*, No. 08-72997

O'SCANNLAIN, Circuit Judge, dissenting in part.

I concur in today's decision that Prado-Lopez is deportable as a result of his conviction under California Penal Code § 288.5(a).

Nevertheless, I respectfully dissent from the remand of his case to the Board of Immigration Appeals ("BIA"). Prado-Lopez's petition for review comes down to a challenge to the manner in which the BIA applied controlling case law. While "misapplication of relevant case law . . . . would have constituted a viable argument that the BIA had abused its discretion," it does not come within the "colorable due process claims over which we may [now] exercise jurisdiction." *Sanchez-Cruz v. INS*, 255 F.3d 775, 779 (9th Cir. 2001). The BIA's failure to mention particular evidence does not change the outcome because we presume the BIA is truthful when it recites—as it did here—that it reviewed the record. *Cf. Larita-Martinez v. INS*, 220 F.3d 1092, 1096 (9th Cir. 2000). As such, I would dismiss Prado-Lopez's petition for review of the BIA's denial of discretionary relief for lack of jurisdiction.