**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 14 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| R. GOMEZ-R, | No. 12-70663 |
| Petitioner, | Agency No. A092-810-156 |
| v. | |
| ERIC H. HOLDER JR., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted January 14, 2014
San Francisco, California

Before: GRABER and NGUYEN, Circuit Judges, and DEARIE,[**] Senior District
Judge.

Petitioner seeks review of the final order of the Board of Immigration

Appeals ("BIA") finding him removable under section 237(a)(2)(A)(iii) of the

Immigration and Nationality Act for having committed an aggravated felony,

finding his conviction to be for a "particularly serious crime," and denying his

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Raymond J. Dearie, Senior United States District Judge
for the Eastern District of New York, sitting by designation.

request for deferral of removal under the Convention Against Torture ("CAT"). We deny the portion of the petition concerning Petitioner's conviction for an aggravated felony, dismiss for lack of jurisdiction the portion concerning the BIA's "particularly serious crime" determination, and grant and remand for further consideration the portion concerning deferral of removal under CAT.

1. The BIA did not err by finding Petitioner removable because his conviction was for an aggravated felony. We have jurisdiction over the legal question whether the BIA properly held that a conviction under California Penal Code section 288(a) constitutes "sexual abuse of a minor" within the meaning of 8 U.S.C. § 1101(a)(43)(A). Chuen Piu Kwong v. Holder, 671 F.3d 872, 876 (9th Cir. 2011), cert. denied, 133 S. Ct. 2885 (2013). We review that question de novo. Estrada-Espinoza v. Mukasey, 546 F.3d 1147, 1152 (9th Cir. 2008) (en banc), overruled on other grounds by United States v. Aguila-Montes de Oca, 655 F.3d 915 (9th Cir. 2011) (en banc) (per curiam).

A conviction under California Penal Code section 288(a) constitutes "sexual abuse of a minor" under the generic federal definition. United States v. Baron-Medina, 187 F.3d 1144, 1147 (9th Cir. 1999); see also United States v. Medina-Villa, 567 F.3d 507, 513, 515–16 (9th Cir. 2009) (holding that Baron-Medina remains good law in light of the en banc court's use of an alternate definition of

2

"sexual abuse of a minor" in Estrada-Espinoza, 546 F.3d at 1152–55, because Estrada-Espinoza defined statutory rape offenses, whereas Baron-Medina and its progeny defined other "sexual abuse of a minor" offenses). The statute at issue meets one of the two complementary definitions of "sexual abuse of a minor" that we have used: "(1) [T]he conduct prohibited by the criminal statute is sexual, (2) the statute protects a minor, and (3) the statute requires abuse. . . . Sexual conduct involving younger children is per se abusive." Pelayo-Garcia v. Holder, 589 F.3d 1010, 1014 (9th Cir. 2009) (citation omitted). Petitioner argues that Baron-Medina's definition is in conflict with Estrada-Espinoza, but our precedent clearly holds otherwise, and in the absence of an intervening Supreme Court or en banc decision, "[a] three-judge panel cannot reconsider or overrule circuit precedent." Avagyan v. Holder, 646 F.3d 672, 677 (9th Cir. 2011). Consistent with this court's precedent, the BIA correctly determined that Petitioner's conviction under California Penal Code section 288(a) constituted "sexual abuse of a minor."

2. Because Petitioner is removable for having been convicted of an aggravated felony, we lack jurisdiction to review the portion of his petition concerning the "particularly serious crime" determination, except to the extent that he raises a colorable legal or constitutional claim. Pechenkov v. Holder, 705 F.3d 444, 447–48 (9th Cir. 2012) (citing 8 U.S.C. § 1252(a)(2)). The BIA permissibly

3

affirmed the IJ's "particularly serious crime" determination, which was made using the correct legal test, outlined in In re Frentescu, 18 I. & N. Dec. 244, 247 (B.I.A.1982), superseded by statute in other part, 8 U.S.C. § 1253(h) (1991), as recognized in Miguel-Miguel v. Gonzales, 500 F.3d 941, 946 (9th Cir. 2007). The IJ properly considered the specific factors involved in Petitioner's conviction, Blandino-Medina v. Holder, 712 F.3d 1338, 1346–47 (9th Cir. 2013), including the nature of the conviction, the sentence, the very young age of the victim, and the stepfather-like relationship between Petitioner and the victim. Contrary to Petitioner's assertion, the BIA was not required to make a separate determination of danger to the community once it determined that Petitioner's conviction was for a particularly serious crime. Delgado v. Holder, 648 F.3d 1095, 1107 n.17 (9th Cir. 2011) (en banc); In re N-A-M-, 24 I. & N. Dec. 336, 342 (B.I.A. 2007). Petitioner identifies no colorable legal error or violation of his constitutional rights, and he cannot create federal appellate jurisdiction simply by recasting an abuse-of-discretion challenge as a legal or constitutional claim. Vargas-Hernandez v. Gonzales, 497 F.3d 919, 921, 923 (9th Cir. 2007). We therefore dismiss for lack of jurisdiction the portion of Petitioner's claim concerning the BIA's "particularly serious crime" determination.

3. Substantial evidence does not support the BIA's determination that Petitioner failed to establish eligibility for deferral of removal under CAT. Tapia Madrigal v. Holder, 716 F.3d 499, 503 (9th Cir. 2013). "[I]f an individual has been tortured and has escaped to another country, it is likely that he will be tortured again if returned to the site of his prior suffering, unless circumstances or conditions have changed significantly . . . with respect to the particular individual." Nuru v. Gonzales, 404 F.3d 1207, 1217–18 (9th Cir. 2005). Where, as here, neither the IJ nor the BIA has made an adverse credibility finding with respect to the relevant testimony, the petitioner's testimony must be taken as true. Cole v. Holder, 659 F.3d 762, 770 (9th Cir. 2011).

Petitioner credibly testified that he was a victim of past torture and that Mexican police officers were aware of and, at a minimum, acquiesced in that torture. Petitioner submitted substantial evidence that circumstances had not changed for him, including: (1) credible testimony that the cartels have long memories and would still target him personally if they discovered who he was; (2) credible testimony that his relatives continue to live under assumed names in a remote part of Mexico to avoid being targeted by the cartels; (3) credible testimony estimating that about 10 percent of public officials are involved with the cartels; and (4) corroborating country-conditions information showing that cartel violence

5

and official corruption remain serious problems in Mexico.[1]  The BIA erred by failing to give "reasoned consideration" to this "potentially dispositive" evidence. Cole, 659 F.3d at 772.  Because the BIA "failed to consider probative evidence in the record," Kamalthas v. INS, 251 F.3d 1279, 1284 (9th Cir. 2001), we remand for further proceedings consistent with this disposition.

**DENIED in part, DISMISSED in part, and GRANTED and REMANDED in part.**  The parties shall bear their owns costs on appeal.

---

[1] Although the BIA stated that it conducted a de novo review of Petitioner's CAT claim, it did "not provide any legal analysis, [and so] we review the IJ's oral decision as a guide to what lay behind the BIA's conclusions."  Bromfield v. Mukasey, 543 F.3d 1071, 1076 (9th Cir. 2008) (internal quotation marks and alteration omitted).  The IJ erred in ruling that the Mexican government's "extraordinary efforts" to control crime meant that Petitioner had not met his burden to establish official acquiescence in cartel torture.  Unlike a petitioner for asylum, a petitioner for relief under CAT need not establish that the government as a whole is "unwilling or unable to control" private persecution.  A CAT petitioner meets his burden if he establishes that he is more likely than not to be tortured by a private individual if removed and that "a public official would inflict, instigate, consent to or acquiesce in that torture."  Tapia Madrigal, 716 F.3d at 508 (emphasis added).

6