NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

SEP 13 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE MANUEL GARCIA NAVARRO, | No. 12-72868 |
| Petitioner, | Agency Nos. A074-804-259 |
| v. | A074-804-260 |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 11, 2017[**]
San Francisco, California

Before: SCHROEDER and TALLMAN, Circuit Judges, and WHALEY,[***]
District Judge.

Petitioner Jose Manuel Garcia Navarro, a native and citizen of Mexico,

petitions for review of the Board of Immigration Appeals' ("BIA") denial of his

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

[***] The Honorable Robert H. Whaley, Senior United States District Judge for the Eastern District of Washington, sitting by designation.

untimely motion to reopen his removal proceedings to reapply for asylum and withholding of deportation and to apply for protection under the Convention Against Torture ("CAT").[1] We have jurisdiction under 8 U.S.C. § 1252(a), and we deny the petition for review.

1. The BIA did not abuse its discretion in finding that Garcia Navarro failed to establish prima facie eligibility for asylum and withholding of removal. *Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1228 (9th Cir. 2016). Garcia Navarro did not adduce "credible, direct, and specific evidence" to demonstrate an objectively well-founded fear that he would be persecuted by drug gangs based on his family ties upon his return to Mexico. *See Malty v. Ashcroft*, 381 F.3d 942, 947 (9th Cir. 2004). Evidence that a petitioner's family members have been persecuted may establish an objectively well-founded fear if the evidence demonstrates "a pattern of persecution closely tied to the petitioner." *Arriaga-Barrientos v. INS*, 937 F.2d 411, 414 (9th Cir. 1991). But "the death of one family member does not [automatically] trigger a sweeping entitlement to asylum eligibility for all members of her extended family." *Navas v. INS*, 217 F.3d 646, 659 n.18 (9th Cir. 2000) (alteration in original) (quoting *Mgoian v. INS*, 184 F.3d 1029, 1036 (9th Cir.

---

[1] When the petition for review was filed, Garcia Navarro's wife, Silvia Camarena Gonzalez, was also a party to this case. She later voluntarily dismissed her petition for review in this matter, and her separate petition for review was dismissed for lack of jurisdiction.

1999)).

Garcia Navarro asserts that drug gangs threatened his family after his second cousin was killed, but his evidence does not provide details of the content, timing, or perpetrators of any of the alleged threats against his family members, nor does it show that Garcia Navarro was personally threatened. That is insufficient to establish a "pattern of persecution closely tied to [Garcia Navarro]." *Arriaga-Barrientos*, 937 F.2d at 414; *cf. Bhasin v. Gonzales*, 423 F.3d 977, 981-82 (9th Cir. 2005) (granting petition for review when petitioner described several specific instances of Pakistani militants kidnapping and severely beating her and other family members as revenge for her son's actions in the Indian Border Security Force). And while Garcia Navarro also presented evidence of generalized violence and crime in Mexico, he failed to demonstrate that his situation "is appreciably different from the dangers faced by [his] fellow citizens." *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010).

2. The BIA did not abuse its discretion in finding that Garcia Navarro failed to establish prima facie eligibility for protection under CAT. Garcia Navarro's vague evidence regarding the threats against his family members does not demonstrate that "it is more likely than not that he would be tortured" if he were to return to Mexico. *See Oyeniran v. Holder*, 672 F.3d 800, 803 (9th Cir. 2012) (quoting *Afridi v. Gonzales*, 442 F.3d 1212, 1221 (9th Cir. 2006), *overruled on*

3

*other grounds by Estrada-Espinoza v. Mukasey*, 546 F.3d 1147 (9th Cir. 2008) (en banc)).  And Garcia Navarro's generalized evidence of country conditions is insufficient to merit CAT relief.  *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010).

**PETITION FOR REVIEW DENIED.**